**Xiang Guo CHEN, Petitioner,**

v.

**Alberto R. GONZALES,[1] Attorney General, Respondent.**

**No. 04–4520–AG.**

United States Court of Appeals, Second Circuit.

March 20, 2006.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as the respondent in this case.

PRESENT: Hon. RICHARD J. CARDAMONE, Hon. REENA RAGGI, and Hon. PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

UPON DUE CONSIDERATION of this petition for review of the Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is hereby GRANTED, the BIA's order is VACATED and the case is REMANDED to the BIA for further proceedings consistent with this decision.

Xiang Guo Chen, a native and citizen of China, petitions for review of a BIA decision affirming an immigration judge's ("IJ's") denial of asylum, withholding of removal and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Where, as here, the BIA issues an opinion that affirms or adopts the IJ's decision in all respects, this Court reviews the deci-

sion of the IJ. *See Secaida–Rosales v. INS,* 331 F.3d 297, 305 (2d Cir.2003). We review factual findings, including adverse credibility determinations, under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 (2d Cir.2004); *Secaida–Rosales,* 331 F.3d at 307; *Diallo v. INS,* 232 F.3d 279, 288 (2d Cir.2000).

The IJ and the BIA denied Chen's asylum application on the grounds that his claim that he was persecuted in 1998 for practicing Falun Gong was belied by the State Department Report for 2001 (issued March 4, 2002) [A 115–181] which indicated that China did not ban the Falun Gong until July of 1999. [A 3, 43–44]. Because Chen testified that China had declared its opposition to Falun Gong in July 1998 and officials had attempted to arrest his parents in February 1999 for attempting to practice it, the BIA affirmed the IJ's determination that Chen was not credible, that the documents that he had submitted were bogus, and that Chen had thus failed to prove that he was subject to persecution. This determination, turning as it does solely on the State Department Report is in error for two reasons.

First, the IJ, and somewhat incredibly the BIA, which is charged with carefully reviewing these determinations, completely ignore aspects of the 2001 State Department Report that fully corroborate Chen's position that practitioners of Falun Gong were persecuted in 1998 and early 1999. That 2001 Report states: "For the past three years, the Government has waged a severe political, propaganda, and police campaign against the FLG [Falun Gong] movement." A 130. Simple subtraction forces one to conclude that this crackdown occurred in 1998 and at the latest by early 1999. In addition, a logical inference drawn from the Report's statement that "[i]n 1998, 76,500 persons were arrested"

for "Disturbing the Social Order," *id.* at 131, also permits a logical conclusion that at least some of those tens of thousands of 1998 arrestees were Falun Gong practitioners. Neither the IJ nor the BIA offer any rationale for totally ignoring these portions of the very report they rely on to support their determination that the petitioner's claim was not credible.

Second, although the burden of persuasion is generally on the asylum applicant, the burden of production, with regard to background material, is shared with the government because the government often has more access to the State Department Reports and other current data. *Qun Yang v. McElroy*, 277 F.3d 158, 163 (2d Cir.2002); *see also Matter of S–M–J–*, 21 I. & N. Dec. 722, 727, 1997 WL 80984 (BIA 1997). The IJ also have a responsibility to enter into evidence any documentation that supports their findings. *Matter of S–M–J–*, 21 I. & N. Dec. at 727. When background information is essential, and background information is not placed in the record by either party, the IJ has an obligation to establish the record before ruling on the merits of an asylum claim. *Id.* at 728. Moreover, an "asylum adjudicator must 'ensure that the applicant presents his case as fully as possible and with all available evidence.'" *Qun Yang*, 277 F.3d at 162 (quoting United Nations *Handbook on Procedures & Criteria for Determining Refugee Status:* Office of the United Nation's High Commissioner for Refugees, para. 196; 205(b)(i) (1979)).

As noted, the IJ relied on a State Department report to make his determination that Chen's claim of Falun Gong persecution in February 1999 was incredible. Although the 2001 report indicates that the Falun Gong crackdown began in July 1999, the IJ failed to consider not only the countervailing evidence in the report but also the obvious possibility that Falun Gong practitioners had experienced problems before then.

The IJ's finding, affirmed by the BIA, that petitioner's claim is not credible, based as it is solely on the date of the commencement of the official crackdown against Falun Gong is not supported by substantial evidence in the record. Accordingly, this case must be remanded for further consideration of Chen's asylum, withholding and CAT claims.

For the foregoing reasons, the petition for review is GRANTED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).